# Exhibit 1 to Exhibit A

**Exhibit A-1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AH KIT TOO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROCKWELL MEDICAL, INC., ROBERT L. CHIOINI, and THOMAS E. KLEMA, Defendants. | Lead Case No. 1:18-cv-04253<br><br>Honorable Allyne R. Ross |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Eastern District of New York (the "Court"), if, during the period between November 8, 2017 and June 26, 2018, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired Rockwell Common Stock or Rockwell Call Options or sold Rockwell Put Options and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, Robert Spock and Duck Pond Partners, LP ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 20 below), have reached a proposed settlement of the Action for three million seven hundred thousand dollars ($3,700,000.00 USD), to be paid in cash. This cash payment, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated August 6, 2019 (the "Stipulation"), which is available at www.RockwellSecuritiesSettlement.com.

participate in the Settlement, please DO NOT contact Rockwell, any other Defendants in the Action, or their counsel.  All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶ 92 below).

1.  **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Rockwell Medical, Inc. ("Rockwell"), Robert L. Chioini ("Chioini") and Thomas E. Klema ("Klema") (collectively, the "Defendants")[2] violated the federal securities laws by making false and misleading statements regarding Rockwell's internal controls and the status of approval of a Rockwell drug for separate reimbursement by the U.S. Center for Medicare and Medicaid Services.  A more detailed description of the Action is set forth in ¶¶ 11– 19 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 20 below.

2.  **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of three million seven hundred thousand dollars ($3,700,000.00 USD) in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes, (b) any Notice and Administration Costs, (c) any Litigation Expenses awarded by the Court, and (d) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.  The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 13–14 below.

3.  **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Rockwell Common Stock purchased or acquired during the Settlement Class Period that may have been affected by the conduct at issue in the Action and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share of common stock is $0.32.  Options trading only accounted for approximately 4% of total dollar trading volume for Rockwell Securities during the Class Period.  As such, claims for options transactions are allotted 4% of the Settlement pursuant to the Plan of Allocation.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, which Rockwell Securities they purchased, when and at what prices they purchased/acquired or sold their Rockwell Securities, and the total number of valid Claim and Release Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 13–14 below) or such other plan of allocation as may be ordered by the Court.

4.  **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertions that they violated the

---

[2]  Defendants Robert L. Chioini and Thomas E. Klema are collectively referred to herein as the "Individual Defendants."

federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Co-Lead Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2017, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Co-Lead Counsel, Glancy Prongay & Murray LLP and Pomerantz LLP, will apply to the Court for an award of attorneys' fees for all Co-Lead Counsel in an amount not to exceed 33% of the Settlement Fund. In addition, Co-Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against the Defendants, in an amount not to exceed $75,000, and will apply for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $10,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of Rockwell Securities, if the Court approves Co-Lead Counsel's fee and expense application, is $0.21 per share of eligible common stock.

6. **Identification of Attorneys' Representatives:** Lead Plaintiffs and the Settlement Class are represented by: Casey E. Sadler, Esq. of Glancy Prongay & Murray LLP, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, (310) 201-9150, csadler@glancylaw.com; and Jeremy A. Lieberman of Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016.

7. **Reasons for the Settlement:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM AND RELEASE FORM POSTMARKED NO LATER THAN _____, 201__.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 29 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 30 below), so it is in your interest to submit a Claim and Release Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 201__.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 201__.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 201__ AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 201__.** | Filing a written objection and notice of intention to appear by _____, 201__ allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the Settlement Hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid and timely Claim and Release Form, you will not be eligible to receive any payment from the Settlement Fund.   You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

| |
|---|
| **WHAT THIS NOTICE CONTAINS** |

Why Did I Get The Postcard Notice? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 5

What Is This Case About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 5

How Do I Know If I Am Affected By The Settlement?  Who Is Included
        In The Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 7

What Are Lead Plaintiffs' Reasons For The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . .   Page 8

What Might Happen If There Were No Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 8

How Are Settlement Class Members Affected By The Action And
        The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   Page 9

How Do I Participate In The Settlement?  What Do I Need To Do? . . . . . . . . . . . . . . . . Page 11

How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 11

What Payment Are The Attorneys For The Settlement Class Seeking?
     How Will The Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 22

What If I Do Not Want To Be A Member Of The Settlement Class?
     How Do I Exclude Myself? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 22

When And Where Will The Court Decide Whether To Approve The Settlement?
     Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
     Don't Like The Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 23

What If I Bought Shares On Someone Else's Behalf? . . . . . . . . . . . . . . . . . . . . . . . . . . Page 24

Can I See The Court File?  Whom Should I Contact If I Have Questions? . . . . . . . . . . . Page 25

---

### WHY DID I GET THE POSTCARD NOTICE?

---

8.    The Court directed that the Postcard Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired one or more Rockwell Securities during the Settlement Class Period.  The Court also directed that this Notice be posted online at www.RockwellSecuritiesSettlement.com and mailed to you upon request to the Claims Administrator.  The Court has directed us to disseminate these notices because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement.  Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation and the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").  *See* ¶ 83 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

---

### WHAT IS THIS CASE ABOUT?

---

11.    Beginning in July of 2018, two class action complaints were filed in the United States District Court for the Eastern District of New York (the "Court").  The first, filed on July 27, 2018, was styled *Too v. Rockwell Medical, Inc., et al.*, No. 1:18-cv-04253.  The second, filed on September 4, 2018, was styled *Spock v. Rockwell Medical, Inc., et al.*, No. 2:18-cv-4993.

12.    By order dated October 10, 2018, the Court ordered that the cases be consolidated under lead case *Too v. Rockwell Medical, Inc., et al.*; appointed Duck Pond Partners, LP and Robert

Spock as Lead Plaintiffs for the consolidated action; and approved Lead Plaintiffs' selection of Glancy Prongay & Murray, LLP as Co-Lead Counsel and Pomerantz LLP.

13.   On December 10, 2018, Lead Plaintiffs filed and served their Consolidated Amended Class Action Complaint (the "Complaint") alleging claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and also asserting claims against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Rockwell and the Individual Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, by making certain statements that Lead Plaintiffs allege were false and misleading.  The specific statements that Lead Plaintiffs identify in the Amended Complaint and allege were false and misleading are:  (i) statements regarding the likelihood of Rockwell securing separate reimbursement from the Centers for Medicare and Medicaid Services ("CMS") for its iron-replacement drug Triferic, (ii) statements regarding Rockwell's loss reserves relating to Triferic, and (iii) statements regarding the adequacy Rockwell's internal controls over financial reporting.  The Complaint further alleged that the prices of Rockwell's publicly-traded securities were artificially inflated during the Settlement Class Period as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14.   On February 18, 2019, Defendant Rockwell filed its answer to the Complaint and the Individual Defendants filed their answer to the Complaint.  From the outset of the Action, Defendants have denied and continue to deny that they violated the federal securities laws or any laws and maintain that their conduct was at all times proper and in compliance with all applicable law.  Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that Defendants acted recklessly or with culpable intent; that any member of the Settlement Class has suffered any damages; that the price of Rockwell Securities was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Settlement Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action.  In addition, the Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

15.   Lead Plaintiffs continued their investigation into the claims asserted but they also recognized the risks attendant to this litigation.  While the Parties believe in the merits of their respective positions, they also recognized the benefits that would accrue if they could reach an agreement to resolve the Action.  They began to discuss the possibility of exploring whether a settlement could be reached through a mediation process.

16.   On May 23, 2019, Co-Lead Counsel and Defendants' Counsel participated in a full-day mediation session before experienced JAMS mediator Jed D. Melnick.  In advance of that session, the Parties exchanged detailed mediation statements and exhibits, which addressed the issues of both liability and damages, and provided the same to Mr. Melnick.  The session culminated in the Parties reaching an agreement in principle to settle the Action, an agreement

that was memorialized in a memorandum of understanding (the "MOU") executed on June 3, 2019. The MOU sets forth, among other things, the Parties' agreement to settle and release all claims asserted against Defendants in the Action in return for a cash payment by or on behalf of Defendants of three million seven hundred thousand dollars ($3,700,000.00 USD) for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

17.    Based on the investigation and mediation of the case and Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of the Stipulation, after considering, among other things, (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

18.    Defendants are entering into the Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. As detailed in ¶ 14 above, each of the Defendants has denied and continues to deny any wrongdoing, and the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants, or any other of the Defendants' Releasees (defined in ¶ 30 below), with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted. Similarly, the Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

19.    On _____, 20__, the Court preliminarily approved the Settlement, authorized the Postcard Notice to be mailed to potential Settlement Class Members and this Notice to be posted online and mailed to potential Settlement Class Members upon request, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** |
|---|
| **WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |

20.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons or entities that purchased or otherwise acquired Rockwell Common Stock or Rockwell Call Options, or sold Rockwell Put Options between November 8, 2017 and June 26, 2018, inclusive (the "Settlement Class Period") and were injured thereby.[3]

Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the Officers and/or directors of Rockwell; any person, firm, trust,

---

[3]    Herein, Rockwell Call Options and Rockwell Put Options are collectively referred to as "Options." Rockwell Common Stock and Options are collectively referred to as "Rockwell Securities."

corporation, Officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page 22 below.

**PLEASE NOTE:  RECEIPT OF THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

> **If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim and Release Form that is available online at www.RockwellSecuritiesSettlement.com or which can be mailed to you upon request to the Claims Administrator, and the required supporting documentation as set forth therein, postmarked no later than _____,    20 _____.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|:---:|

21.    Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability.  Even if the hurdles to establishing liability were overcome, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.  Plaintiffs would have to prevail at several stages – motions for summary judgment, trial, and if they prevailed on those, on the appeals that were likely to follow.  Thus, there were very significant risks attendant to the continued prosecution of the Action.

22.    In light of these risks, the amount of the Settlement and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class.  Lead Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely three million seven hundred thousand dollars ($3,700,000.00 USD) in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

23.    Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|:---:|

8

24.   If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial or on appeal, the Settlement Class could recover nothing at all or substantially less than the amount provided in the Settlement.

---

### HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

---

25.   As a Settlement Class Member, you are represented by Lead Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page 23 below.

26.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page 22 below.

27.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 29 below) against the Defendants and the other Defendants' Releasees (as defined in ¶ 30 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

29.   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, heretofore or previously existed, or may hereafter exist including, but not limited to, any claims arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other members of the Settlement Class (i) asserted in the Consolidated Amended Class Action Complaint (the "Complaint"), or (ii) could have asserted or could in the future assert in any federal, state, or

foreign court, tribunal, forum, or proceeding that concern, arise out of, refer to, are based upon, or are related in any manner to the allegations, transactions, facts, matters, occurrences, representations, statements or omissions that are alleged, involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, sale or holding of Rockwell Securities prior to the end of the Settlement Class Period, up to and including the last day of the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims that have been brought derivatively related to the conduct outlined in the Complaint, including but not limited to the derivative claims of the plaintiffs in the derivative actions *Le Clair v. Wolin, et al.*, No. 1:19-cv-02373-ARR-RER (E.D.N.Y. filed Apr. 23, 2019), and *Post v. Wolin, et al.*, No. 1:19-cv-02774-ARR-RER (E.D.N.Y. filed May 10, 2019); or (iii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

30. "Defendants' Releasees" means Defendants and any and all of their related parties, including without limitation their current and former officers, directors, partners, members, principals, agents, parents, affiliates, subsidiaries, divisions, joint ventures, successors, predecessors, assigns, assignees, employees, insurers, attorneys, accountants, auditors, advisors, trustees, consultants, underwriters, investment advisors, personal or legal representatives, heirs, executors, associates, any members of their Immediate Families, and any trusts for which any of them are trustees, settlors, or beneficiaries in their capacities as such.

31. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs or Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Plaintiffs' Released Claims, but Lead Plaintiffs and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the

foregoing waiver was separately bargained for and a key element of the Settlement.

32.   The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 33 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

33.   "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants.  Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

34.   "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and any other Settlement Class Member, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

---

**HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?**

---

35.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim and Release Form with adequate supporting documentation to the Claims Administrator **postmarked no later than _____, 201_**.  A Claim and Release Form is available on the website maintained by the Claims Administrator for the Settlement, www.RockwellSecuritiesSettlement.com, or you may request that a Claim and Release Form be mailed to you by calling the Claims Administrator toll free at 1-866-274-4004.  Please retain all records of your ownership of and transactions in Rockwell Securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim and Release Form, you will not be eligible to share in the Net Settlement Fund.

---

**HOW MUCH WILL MY PAYMENT BE?**

---

36.   At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

37.   Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid three million seven hundred thousand dollars ($3,700,000.00 USD) in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (a) all

federal, state and/or local taxes on any income earned by the Settlement Fund and the reasonable costs incurred in connection with determining the amount of and paying taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants); (b) the costs and expenses incurred in connection with providing notice to Settlement Class Members and administering the Settlement on behalf of Settlement Class Members; and (c) any attorneys' fees and Litigation Expenses awarded by the Court) will be distributed to Settlement Class Members who submit valid Claim and Release Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

38.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

39.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or any plan of allocation.

40.   Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

41.   Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim and Release Form postmarked on or before _____, 201__ shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 29 above) against the Defendants' Releasees (as defined in ¶ 30 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim and Release Form.

42.   Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Rockwell Securities held through the ERISA Plan in any Claim and Release Form that they may submit in this Action.  They should include ONLY those shares that they purchased or acquired, and Rockwell Put Options they sold, outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of Rockwell Securities during the Settlement Class Period may be made by the plan's trustees.  To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in the ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

43.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and Release Form.

45.   Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Rockwell Common Stock or Call Options, or sold Rockwell Put Options, during the

Settlement Class Period and were damaged as a result of such purchases, acquisitions, or sales will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim and Release Forms. The only securities that are included in the Settlement are the Rockwell Securities.

## PROPOSED PLAN OF ALLOCATION

46.  The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Settlement Class Members who suffered net economic losses as a proximate result of the alleged wrongdoing in the Action. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

47.  In developing the Plan of Allocation, Plaintiffs consulted with their damages expert, who reviewed publicly available information regarding Rockwell and performed statistical analyses of the price movements of Rockwell Common Stock, and the price performance of relevant market and peer indices during the Settlement Class Period. The damages expert isolated the losses in Rockwell Common Stock that allegedly resulted from the alleged violations of the federal securities laws in the Action, eliminating losses attributable to market factors, industry factors, or Company-specific factors unrelated to the alleged violations of law. The Plan of Allocation, however, is not a formal damage analysis. The computation of the estimated alleged artificial inflation in the price of Rockwell Common Stock during the Settlement Class Period is reflected in Table 1 below.

48.  In order to have recoverable damages, the corrective disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the Rockwell Securities. In this Action, Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of Rockwell Securities. Plaintiffs further allege that corrective disclosures removed artificial inflation from the price of Rockwell Securities on May 25, 2018, May 29, 2018, June 27, 2018 and June 28, 2018 (the "Corrective Disclosure Dates"). Thus, in order for a Settlement Class Member to have a "Recognized Loss Amount" under the Plan of Allocation, with respect to Common Stock and Call Options, the stock or call options must have been purchased or acquired during the Settlement Class Period and held through at least one of these disclosure dates, and, with respect to Put Options, those options must have been sold (written) during the Settlement Class Period and not closed prior to at least one of these disclosure dates.

| Table 1 Alleged Inflation in Rockwell Common Stock[4] | | |
|---|---|---|
| **From** | **To** | **Alleged Per-Share Price Inflation** |
| November 8, 2017 | May 24, 2018 | $1.07 |
| May 25, 2018 | May 28, 2018 | $0.82 |
| May 29, 2018 | June 26, 2018 | $0.74 |
| June 27, 2018 | June 27, 2018 | $0.13 |
| June 28, 2018 | Thereafter | $0.00 |

49.    The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss Amount for Rockwell Common Stock.  The limitations on the calculation of the Recognized Loss Amount imposed by the PSLRA are applied such that losses on Rockwell Common Stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss Amount on Rockwell Common Stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

50.    In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss Amount is calculated to be a negative number, that Recognized Loss Amount shall be set to zero.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

51.    For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of like securities will first be matched on a First In/First Out basis as set forth in ¶ 61 below.

52.    With respect to shares of Rockwell Common Stock and Call and Put Options, a "Recognized Loss Amount" will be calculated as set forth below for each purchase or acquisition of Rockwell Common Stock and Call Option contracts, and for each writing of Rockwell Put Option contracts during the Class Period, that is listed in the Claim and Release Form and for which adequate documentation is provided.

53.    **Common Stock Calculations**: For each share of Rockwell Common Stock purchased or otherwise acquired during the Settlement Class Period (i.e., November 8, 2017 through June 26, 2018, inclusive), the Recognized Loss Amount per share shall be calculated as follows:

---

[4] Any transactions in Rockwell Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

i.  For each share of Rockwell Common Stock purchased during the Settlement Class Period that was subsequently sold prior to May 25, 2018, the Recognized Loss Amount per share is $0.

ii.  For each share of Rockwell Common Stock purchased during the Settlement Class Period that was subsequently sold during the period May 25, 2018 through June 26, 2018, the Recognized Loss Amount per share is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1.

iii.  For each share of Rockwell Common Stock purchased during the Settlement Class Period that was subsequently sold on June 27, 2018, the Recognized Loss Amount per share is *the lesser of*:

   a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* $0.13 (i.e., the amount of per-share price inflation on June 27, 2018 as appears in Table 1); or

   b.  the purchase price *minus* $4.52 (i.e., the "90-Day Lookback Value" on June 27, 2018 as appears in Table 2 below).

iv.  For each share of Rockwell Common Stock purchased during the Settlement Class Period that was subsequently sold during the period June 28, 2018 through September 24, 2018, inclusive, the Recognized Loss Amount per share is *the lesser of*:

   a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.  the purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

v.  For each share of Rockwell Common Stock purchased during the Settlement Class Period and still held as of the close of trading on September 24, 2018, the Recognized Loss Amount per share is *the lesser of*:

   a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

   b.  the purchase price *minus* the average closing price for Rockwell Common Stock during the 90-Day Lookback Period, which is $4.43.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 6/27/2018 | $4.52 | 7/27/2018 | $4.48 | 8/27/2018 | $4.43 |
| 6/28/2018 | $4.47 | 7/30/2018 | $4.47 | 8/28/2018 | $4.43 |

15

| | | | | | |
|---|---|---|---|---|---|
| 6/29/2018 | $4.62 | 7/31/2018 | $4.45 | 8/29/2018 | $4.43 |
| 7/2/2018 | $4.64 | 8/1/2018 | $4.43 | 8/30/2018 | $4.43 |
| 7/3/2018 | $4.63 | 8/2/2018 | $4.42 | 8/31/2018 | $4.44 |
| 7/5/2018 | $4.60 | 8/3/2018 | $4.40 | 9/4/2018 | $4.45 |
| 7/6/2018 | $4.57 | 8/6/2018 | $4.39 | 9/5/2018 | $4.45 |
| 7/9/2018 | $4.52 | 8/7/2018 | $4.40 | 9/6/2018 | $4.46 |
| 7/10/2018 | $4.49 | 8/8/2018 | $4.42 | 9/7/2018 | $4.46 |
| 7/11/2018 | $4.48 | 8/9/2018 | $4.43 | 9/10/2018 | $4.46 |
| 7/12/2018 | $4.46 | 8/10/2018 | $4.44 | 9/11/2018 | $4.46 |
| 7/13/2018 | $4.44 | 8/13/2018 | $4.45 | 9/12/2018 | $4.46 |
| 7/16/2018 | $4.43 | 8/14/2018 | $4.46 | 9/13/2018 | $4.45 |
| 7/17/2018 | $4.42 | 8/15/2018 | $4.45 | 9/14/2018 | $4.44 |
| 7/18/2018 | $4.41 | 8/16/2018 | $4.45 | 9/17/2018 | $4.44 |
| 7/19/2018 | $4.42 | 8/17/2018 | $4.44 | 9/18/2018 | $4.43 |
| 7/20/2018 | $4.44 | 8/20/2018 | $4.43 | 9/19/2018 | $4.43 |
| 7/23/2018 | $4.45 | 8/21/2018 | $4.42 | 9/20/2018 | $4.43 |
| 7/24/2018 | $4.47 | 8/22/2018 | $4.42 | 9/21/2018 | $4.43 |
| 7/25/2018 | $4.49 | 8/23/2018 | $4.42 | 9/24/2018 | $4.43 |
| 7/26/2018 | $4.49 | 8/24/2018 | $4.43 | | |

54.     **Call and Put Option Calculations**: Exchange-traded options are traded in units called "contracts" which entitle the holder to buy (in the case of a call) or sell (in the case of a put) 100 shares of the underlying security, which in this case is Rockwell Common Stock.

55.     Each option contract specifies a strike price and an expiration date.  Contracts with the same strike price, expiration date and option class symbol are referred to as a "series" and each series represents a different security that trades in the market and has its own market price.  Rockwell Common Stock acquired via the exercise of a Rockwell Call Option shall be treated as a purchase on the date of exercise for the exercise price plus the cost per share of the Rockwell Call Option, and any Recognized Loss Amount arising from such transaction shall be computed as provided for purchases of Rockwell Common Stock as set forth herein.

56.     Shares of Rockwell Common Stock acquired through the "put" of Rockwell Common Stock via exercise of a Rockwell Put Option shall be treated as if the sale of the Rockwell Put Option were a purchase of Rockwell Common Stock on the date of the sale or writing of the Rockwell Put Option, for the exercise price of the Rockwell Put Option less the proceeds per share received from the sale of the Rockwell Put Option, and any Recognized Loss Amount arising from such transaction shall be computed as provided for purchases of Rockwell Common Stock as set forth herein.

57.     No Recognized Claim shall be calculated based upon purchase or acquisition of any Rockwell Call Option that had been previously sold or written.

58.     No Recognized Claim shall be calculated based upon the sale or writing of any Rockwell Put Option that had been previously purchased or acquired.

59.     For each Rockwell Call Option purchased or otherwise acquired during the Settlement Class Period (i.e., November 8, 2017 through June 26, 2018, inclusive), the Recognized Loss Amount per Call Option shall be calculated as follows:

    i.    For each Call Option not held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above, the Recognized Loss Amount per Call Option is $0.00.

    ii.    For each Call Option held at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

        a.    that was subsequently sold during the Settlement Class Period, the Recognized Loss Amount per Call Option is the purchase price *minus* the sale price.

        b.    that was subsequently exercised during the Settlement Class Period, the Recognized Loss Amount per Call Option is the purchase price *minus* the intrinsic value of the option on the date of exercise, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the closing price of Rockwell Common Stock on the date of exercise *minus* the strike price of the option.

        c.    that expired unexercised during the Settlement Class Period, the Recognized Loss Amount per Call Option is equal to the purchase price.

        d.    that was still held as of the close of trading on June 26, 2018, the Recognized Loss Amount per Call Option is the purchase price *minus* the intrinsic value of the option as of the close of trading on June 26, 2018, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) $5.26 *minus* the strike price of the option.

60.     For each Rockwell Put Option sold during the Settlement Class Period (i.e., November 8, 2017 through June 26, 2018, inclusive), the Recognized Loss Amount per Put Option shall be calculated as follows:

    i.    For each Put Option not open (i.e., not outstanding) at the opening of trading on one or more of the Corrective Disclosure Dates as defined above, the Recognized Loss Amount per Put Option is $0.00.

    ii.    For each Put Option open (i.e., outstanding) at the opening of trading on one or more of the Corrective Disclosure Dates as defined above,

        a.    that was subsequently purchased during the Settlement Class Period, the Recognized Loss Amount per Put Option is the purchase price *minus* the sale price.

b.  that was subsequently exercised (i.e., assigned) during the Settlement Class Period, the Recognized Loss Amount per Put Option is the intrinsic value of the Put Option on the date of exercise *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* the closing price of Rockwell Common Stock on the date of exercise.

c.  that expired unexercised during the Settlement Class Period, the Recognized Loss Amount per Put Option $0.00.

d.  that was still open (i.e., outstanding) as of the close of trading on June 26, 2018, the Recognized Loss Amount per Put Option is the intrinsic value of the option as of the close of trading on June 26, 2018 *minus* the sale price, where the intrinsic value shall be *the greater of*: (i) $0.00 or (ii) the strike price of the option *minus* $5.26.

## ADDITIONAL PROVISIONS

61.  **FIFO Matching**: If a Settlement Class Member made more than one purchase/acquisition or sale of any Rockwell Securities during the Settlement Class Period, all purchases/acquisitions and sales of the like security shall be matched on a First In, First Out ("FIFO") basis. With respect to Rockwell Common Stock and Call Options, Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period. For Rockwell Put Options, Settlement Class Period purchases will be matched first to close out positions open at the beginning of the Settlement Class Period, and then against Put Options sold (written) during the Settlement Class Period in chronological order.

62.  **"Purchase/Sale" Dates**: Purchases or acquisitions and sales of Rockwell Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Rockwell Securities during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of these Rockwell Securities for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Rockwell Securities unless: (i) the donor or decedent purchased or otherwise acquired such Rockwell Securities during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim and Release Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Rockwell Securities.

63.  **Short Sales**: With respect to Rockwell Common Stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Common Stock. The date of a "short sale" is deemed to be the date of sale of the Rockwell Common Stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.

64.  In the event that a Claimant has an opening short position in Rockwell Common Stock, the earliest purchases or acquisitions during the Settlement Class Period shall be matched against

18

such opening short position, and not be entitled to a recovery, until that short position is fully covered.

65. If a Settlement Class Member has "written" Call Options, thereby having a short position in the Call Options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the Call Option. The date on which the Call Option was written is deemed to be the date of sale of the Call Option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "written" Call Options is zero. In the event that a Claimant has an opening written position in Call Options, the earliest purchases or acquisitions of like Call Options during the Settlement Class Period shall be matched against such opening written position, and not be entitled to a recovery, until that written position is fully covered.

66. If a Settlement Class Member has purchased or acquired Put Options, thereby having a long position in the Put Options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the Put Option.  The date on which the Put Option was sold, exercised, or expired is deemed to be the date of sale of the Put Option. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on purchased/acquired Put Options is zero. In the event that a Claimant has an opening long position in Put Options, the earliest sales or dispositions of like Put Options during the Settlement Class Period shall be matched against such opening position, and not be entitled to a recovery, until that long position is fully covered.

67. **Common Stock Acquired Through the Exercise of Options**: With respect to Rockwell Common Stock purchased through the exercise of a Rockwell Call Option, the purchase date of the Common Stock is the exercise date of the option and the purchase price is the exercise price of the option, plus the cost per share of the Rockwell Call Option.  With respect to Rockwell Common Stock purchased through the exercise of a Rockwell Put Option, the purchase date of the Common Stock is the sales date of the option and the purchase price is the exercise price of the option, less the proceeds per share received from the sale of the Rockwell Put Option.

68. **Netting of Market Gains and Losses**: With respect to all Rockwell Common Stock and Call Options purchased or acquired during the Settlement Class Period, as well as Put Options sold during the Settlement Class Period, the Claims Administrator will also determine if the Claimant had a Market Gain or a Market Loss with respect to his, her or its overall transactions during the Settlement Class Period in those shares and options. For purposes of making this calculation, with respect to Rockwell Common Stock, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[5] and (ii) the sum of the Claimant's Sales Proceeds[6] and the Claimant's Holding Value.[7]  For Rockwell Common Stock, if the Claimant's Total

---

[5] For Rockwell Common Stock and Call Options, the "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all such Rockwell securities purchased or acquired during the Settlement Class Period.

[6] For Rockwell Common Stock and Call Options, the Claims Administrator shall match any sales of such Rockwell Securities during the Settlement Class Period first against the Claimant's opening position in the like Rockwell Securities (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received for sales of the remaining like Rockwell Securities sold during the Settlement Class Period is the "Sales Proceeds."

Purchase Amount *minus* the sum of the Claimant's Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain. With respect to Rockwell Call Options that were purchased and subsequently sold or expired worthless, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount and (ii) the sum of the Claimant's Sales Proceeds. For Rockwell Call Options, if the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain. With respect to Rockwell Put Options that were sold and subsequently repurchased or expired worthless, the Claims Administrator shall determine the difference between (i) the sum of the Claimant's Total Purchase Amount[8] and (ii) the Claimant's Sale Proceeds.[9] For Rockwell Put Options, if the sum of the Claimant's Total Purchase Amount minus the Claimant's Sales Proceeds is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

69.    **Calculation of Claimant's Recognized Claim**: If a Claimant has a Market Gain, the Claimant's "Recognized Claim" will be zero. Such Claimants shall in any event be bound by the Settlement. If the Claimant has a Market Loss, the Claimant's "Recognized Claim" will be the lesser of the Claimant's total Recognized Loss Amounts on all Rockwell Common Stock and Call Options purchased or acquired and Put Options sold during the Settlement Class Period *and* their Market Loss.

70.    **Determination of Distribution Amount**: If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

71.    Cumulative payments of all claims associated with Rockwell Call Options and Put Options will be limited to 4% of the Net Settlement Fund.[10] Thus, if the cumulative Recognized Loss Amounts for Call and Put Option claims exceeds 4% of all Recognized Loss Amounts, then

---

[7] The Claims Administrator shall ascribe a "Holding Value" of $4.43 to each share of Rockwell Common Stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading at the end of the Class Period.

[8] For Rockwell Put Options, the Claims Administrator shall match any purchases during the Settlement Class Period to close out positions in Put Options first against the Claimant's opening position in Put Options (the total amount paid with respect to those purchases will not be considered for purposes of calculating market gains or losses). The total amount paid for the remaining purchases during the Settlement Class Period to close out positions in Put Options is the "Total Purchase Amount."

[9] For Rockwell Put Options, the total amount received for Put Options sold (written) during the Settlement Class Period is the "Sales Proceeds."

[10] Call and Put Options account for approximately 4% of the combined dollar trading volume of Rockwell stock and Call and Put Options during the Settlement Class Period.

the Recognized Loss Amounts for Call and Put Option claims will be reduced proportionately until they collectively equal 4% of all Recognized Loss Amounts.

72. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

73. The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation (*i.e.*, the Recognized Claim will be deemed to be zero) and no distribution will be made to that Authorized Claimant. Any prorated amounts of less than $10.00 will be included in the pool distributed to those whose prorated payments are $10.00 or greater. Such Authorized Claimants shall in any event be bound by the Settlement.

74. After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund after the initial distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Co-Lead Counsel and approved by the Court.

75. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, Lead Plaintiffs' damages expert, the Claims Administrator, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs, Defendants, their respective counsel, Lead Plaintiffs' damages expert, and all other Releasees shall have no liability whatsoever for the processing, review, determination, calculation, investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation approved by the Court; the determination, administration, calculation, processing, review, or payment of any Claim; nonperformance of the Claims Administrator; the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund; or any losses incurred in connection therewith.

76. The Plan of Allocation set forth herein is the plan that is being proposed to the Court for

its approval by Plaintiffs after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.RockwellSecuritiesSettlement.com.

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

---

77.   Co-Lead Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Co-Lead Counsel been reimbursed for their out-of-pocket expenses.  Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees for all Co-Lead Counsel in an amount not to exceed 33% of the Settlement Fund.  At the same time, Co-Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $75,000, and to apply for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class in an amount not to exceed $10,000.  The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

---

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

---

78.   Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to *Too v. Rockwell Medical, Inc.*, EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063.  The exclusion request must be ***received*** no later than _____, 201__.  You will not be able to exclude yourself from the Settlement Class after that date.  Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Too v. Rockwell Medical Inc., et al.*, Lead Case No. 1:18-cv-04253"; (c) identify and state the number of each Rockwell Security (in terms of shares) that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 8, 2017 and June 26, 2018, inclusive), as well as the dates and prices of each such purchase/acquisition and sale; and (d) be signed by the person or entity requesting exclusion or an authorized representative.  A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

79.   If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any of Released Plaintiffs' Claims against any of the Defendants' Releasees.

80.   If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

81.   Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

82.   **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing**.

83.   The Settlement Hearing will be held on _____, 201__ at __:__ _.m., before the Honorable Allyne R. Ross in Courtroom 8C S of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

84.   Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of New York at the address set forth below on or before _____, 201__.  You must also serve the papers on Co-Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are *received* **on or before _____, 201__**.

| **Clerk's Office** | **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| U.S. District Court | Glancy Prongay & | Gibson, Dunn & Crutcher LLP |
| Eastern District of NY | Murray LLP | Brian M. Lutz |
| Clerk of the Court | Casey E. Sadler | 200 Park Avenue, 47th Floor |
| U.S. Courthouse | 1925 Century Park East, | New York, NY 10166 |
| 225 Cadman Plaza East | Suite 2100 | |
| Brooklyn, NY 11201 | Los Angeles, CA 90067 | Goodwin Procter LLP |
| | | Brian E. Pastuszenski |
| | Pomerantz LLP | Daniel Roeser |
| | Jeremy A. Lieberman | The New York Times |
| | 600 Third Avenue, | Building |
| | 20th Floor | 620 Eighth Avenue |
| | New York, NY 10016 | New York, NY 10018 |

85.   Any objection: (a) must state the name, address and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of each Rockwell Security (in terms of shares) that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between November 8, 2017 and June 26, 2018, inclusive), as well as the dates and prices of each such purchase/acquisition and sale.  You may not object to the Settlement, the Plan of Allocation or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

86.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

87.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses set forth above so that it is *received on or before _____, 201__*.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

88.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 84 above so that the notice is *received* on or before _____, 201__.

89.   The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel.

90.   **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

| **WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?** |
| --- |

91.   If you purchased or otherwise acquired any of the Rockwell Securities between November 8, 2017 and June 26, 2018, inclusive, for the beneficial interest of persons or

organizations other than yourself, you must either: (a) within seven (7) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to *Too v. Rockwell Medical, Inc.*, c/o Strategic Claims Services, 600 N. Jackson Street, Suite 205, Media, PA 19063.  If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.50 per Postcard Notice actually mailed, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court.  Copies of this Notice and the Claim and Release Form may be obtained from the website maintained by the Claims Administrator, www.RockwellSecuritiesSettlement.com, or by calling the Claims Administrator toll-free at 1-866-274-4004.

---

**CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

92.   This Notice contains only a summary of the terms of the proposed Settlement.  For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201.  Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.RockwellSecuritiesSettlement.com.

All inquiries concerning this Notice and the Claim and Release Form should be directed to the Claims Administrator or Co-Lead Counsel at:

| *Too v. Rockwell Medical, Inc.* | and/or | Casey E. Sadler, Esq. |
|---|---|---|
| c/o Strategic Claims Services | | GLANCY PRONGAY |
| 600 N. Jackson Street, Suite 205 | | & MURRAY LLP |
| Media, PA 19063 | | 1925 Century Park East, Suite 2100 |
| 866-274-4004 | | Los Angeles, CA 90067 |
| www.RockwellSecuritiesSettlement.com | | (310) 201-9150 |
| | | settlements@glancylaw.com |

Jeremy A. Lieberman, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone:  (212) 661-1100
Facsimile:   (212) 661-8665
Email: jalieberman@pomlaw.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019

By Order of the Court
United States District Court
Eastern District of New York